

Serge F. Petroff
*Steven Amshen
James Tierney
Jill Schaefer
Maria Garber

(*admitted in New York & New Jersey)

August 11, 2025

<u>Via CM/ECF</u>
Magistrate Judge Taryn A. Merkl

> **Re:**   *Antonios Manalis v. Primis Bank, et al.*, Case No. 1:25-cv-03066-OEM-TAM
> **Plaintiff's Response to Defendant's Pre-Motion Conference Letter**

Dear Judge Merkl:

We represent Plaintiff Antonios Manalis in the above-referenced action and write in response to the July 31, 2025 letter from counsel for Defendant Primis Bank ("Primis"), which requests a pre-motion conference to seek leave to file a motion to compel arbitration. We respectfully submit that the conference is unnecessary because Primis' anticipated motion is futile and would be a waste of judicial and party resources.

Primis' motion is doomed to fail for two independent reasons. First, Primis cannot meet its threshold burden of proving that a contract was ever formed. Plaintiff's sworn Complaint alleges that the account at issue is the product of identity theft, placing the very "making" of the agreement in issue, a threshold question that the Federal Arbitration Act ("FAA") reserves for this Court, not an arbitrator, to decide. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010); 9 U.S.C. § 4. Tellingly, Primis relies on a phantom agreement, as it failed to produce it, so that its content may be scrutinized. This is essential since Plaintiff never entered into a contract with Primis. The "clear and unmistakable expression of the parties' intent" pertaining to such dispute being subject to arbitration cannot be established. *See New York Knicks, LLC v. Maple Leaf Sports & Entertainment Ltd.*, No. 23-CV-7394 (JGLC), 2024 WL 3237563, at *4-5 (S.D.N.Y. June 28, 2024); *Marcus v. Collins*, No. 16-CV-4221 (GBD)(BCM), 2016 WL 8201629, at *7 (S.D.N.Y. Dec. 30, 2016); *Local Union 97, Intl. Bhd. of Elec. Workers, AFL-CIO v. Niagara Mohawk Power Corp.*, 67 F.4th 107, 112-113 (2d Cir. 2023). Second, even if a contract existed, Plaintiff's claims for violations of the Fair Credit Reporting Act ("FCRA") and the Fair Credit Billing Act ("FCBA") arise from independent statutory duties and fall outside the scope of the purported arbitration clause. *See Davitashvili v. Grubhub Inc.*, 131 F.4th 109, 119 (2d Cir. 2025).

<u>**STATEMENT OF FACTS**</u>

This action arises from the theft of Plaintiff's identity, which resulted in the fraudulent creation of a loan account in his name (Compl. ¶ 2). In June 2022, Plaintiff visited a "New York Clinic" for a free check-up (Compl. ¶ 11). Critically, at no time during this visit did Plaintiff apply for credit, consent to any financial arrangement, or authorize the use of his personal information to obtain a loan (Compl. ¶ 12). He never viewed or signed any loan agreement (Compl. ¶ 12).

Over a year later, in September 2023, Plaintiff discovered a fraudulent Primis loan for approximately $6,000 on his credit report (Compl. ¶ 14). He promptly and repeatedly contacted Primis to dispute the account, state he never authorized it, and demand documentation, which Primis failed to provide (Compl. ¶¶ 15-16). Recognizing the fraud, Plaintiff filed a formal Identity Theft Report with the Federal Trade Commission ("FTC") on February 20, 2025 (Compl. ¶ 17).

Thereafter, on February 27, 2025, Plaintiff sent a comprehensive dispute package to the credit reporting agencies, which included a detailed letter explaining the identity theft, a copy of the FTC report, and a sworn, notarized statement affirming the facts under penalty of perjury (Compl. ¶¶ 18-19). Despite these diligent efforts, Primis continued to furnish inaccurate information, and the fraudulent account continued to appear on Plaintiff's credit reports, causing him to be denied a credit line increase and suffer damage to his creditworthiness (Compl. ¶¶ 24, 32, 37).

## I.    THE COURT, NOT AN ARBITRATOR, MUST RESOLVE THE THRESHOLD DISPUTE OVER CONTRACT FORMATION.

Arbitration is a matter of contract, and a party cannot be forced to arbitrate a dispute it has not agreed to submit. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) (a court may order arbitration only where it is "satisfied that the parties agreed to arbitrate that dispute"). The FAA's "liberal federal policy favoring arbitration" does not apply to the threshold question of contract formation. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). A court may only compel arbitration if it is "satisfied that the making of the agreement for arbitration... is not in issue." 9 U.S.C. § 4. Here, the making of the agreement is the central issue.

The same applies to Primis' allegations pertaining to arbitrability. In any event, (i) since the language in an arbitration clause is essential for establishing "the parties' intent to arbitrate arbitrability" (*New York Knicks, LLC*, 2024 WL 3237563, at *6 ) and (ii) Primis failed to produce a copy of its purported agreement, its letter fails to raise even to the threshold of mere doubt.

Plaintiff's only interaction with the "New York Clinic" was for a "free check-up" and that he "at no time... appl[ied] for any form of credit, consent[ed] to any financial arrangement, [or] authorize[d] the release or use of his personal information for the purpose of obtaining a loan" (Compl. ¶ 12). The Complaint unequivocally alleges that the account is the product of "theft of Plaintiff's identity" (Compl. ¶ 2). These are not conclusory assertions. Plaintiff has provided a detailed account of his discovery of the fraud, his repeated but unsuccessful attempts to resolve the matter with Primis, and his filing of an Identity Theft Report with the FTC (Compl. ¶¶ 14-19).

Against these specific, sworn allegations, Primis offers only a generic description of an electronic loan application process (*see* ECF No. 16 at 1-2). It has failed to produce an authenticated, transaction-specific record proving that *Mr. Manalis himself* performed these actions. This is a fatal evidentiary failure. In the face of credible allegations of identity theft, Primis cannot prove contract formation by merely describing its standard procedures. *See Mayfield v. Asta Funding, Inc.*, 95 F. Supp. 3d 685, 694 (S.D.N.Y. 2015) (denying motion to compel that relied on "sample contracts" and a declaration from a witness who lacked personal knowledge).

Primis' reliance on a delegation clause is misplaced. A delegation clause, being part of the very contract whose existence is denied, has no independent power. The threshold question of whether a contract was ever formed is "generally for courts to decide." *Granite Rock Co.*, 561 U.S. at 296. Plaintiff is not merely challenging the scope of the arbitration clause; he is challenging the very existence of the entire agreement through a claim of "fraud in the factum"—that is, due to identity theft, there was never a "meeting of the minds," and thus no contract was ever "concluded." *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444, n.1 (2006).

Because the making of the agreement is in issue, the FAA mandates that "the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. Where a non-moving party presents sufficient evidence to create a genuine issue of material fact regarding contract formation, a trial is required. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016); *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). Plaintiff's sworn allegations and supporting documentation have unequivocally placed the making of the agreement in issue.

## II.    PLAINTIFF'S STATUTORY CLAIMS ARE OUTSIDE THE SCOPE OF THE PURPORTED AGREEMENT.

Even if Primis could prove that a contract was formed, its motion would still fail because Plaintiff's claims fall outside the scope of the arbitration clause. The Complaint asserts claims against Primis for willful and negligent violations of the FCRA and for violations of the FCBA (Compl. ¶¶ 44-58, 93-99). The core of these claims is that Primis failed to conduct a reasonable investigation after being notified of the identity theft (Compl. ¶¶ 22-24, 52, 97). These claims arise from duties imposed on Primis by Congress, not by the "Borrower Agreement." The core of an FCRA furnisher-liability claim is the reasonableness of the investigation, a standard defined by statute, not by a private contract. *See Suluki v. Credit One Bank*, 138 F.4th 709, 714 (2d Cir. 2025). While Primis points to the broad language of its arbitration clause, even a broad clause requires that the claims "touch matters" covered by the agreement. *See Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987). The Second Circuit requires a sufficient nexus between a dispute and the contract to compel arbitration. *See Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391, 395 (2d Cir. 2015). The FAA's scope is limited to controversies that were "'cause[d]' by the relationship." *Davitashvili*, 131 F.4th at 119. Plaintiff's injury was not caused by a term of the loan agreement. It was caused by Primis' alleged failure to fulfill its independent statutory duty to reasonably investigate his dispute *after* he reported the identity theft. This duty is external to the contract. The fact that the fraudulent account was with Primis is "purely coincidental" to the legal wrong, which is the deficient investigation. *Id.* at 120. The claims therefore do not "arise from or relate to" the contract in a legally sufficient manner and are not arbitrable. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625, n. 13 (1985) (statutory claims must "touch matters covered by the enumerated articles" of the contract to be arbitrable).

## <u>CONCLUSION</u>

For the foregoing reasons, Primis' anticipated motion is futile. Primis cannot prove contract formation in the face of Plaintiff's detailed and sworn allegations of identity theft, creating an issue of fact that this Court, not an arbitrator, must resolve via trial. Separately Plaintiff's statutory claims under the FCRA and FCBA are independent of and fall outside the scope of the purported agreement. Accordingly, the Court should deny Primis' request for a pre-motion conference.

Respectfully submitted,

*/s/ Serge F. Petroff*
Serge F. Petroff, Esq.

cc:    *All Counsel of Record* (via CM/ECF)